UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JURADO,<br><br>        Plaintiff,<br><br>    v.<br><br>A RAMIREZ, et al.,<br><br>        Defendants. | Case No. 20-cv-08602-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at San Quentin State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. For the reasons set forth below, the complaint is DISMISSED with leave to amend. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

According to the complaint, on November 8, 2017, Plaintiff was placed in administrative segregation by defendant officer Ramirez because contraband was discovered in an envelope addressed to Plaintiff. Plaintiff alleges that the placement in administrative segregation and subsequent disciplinary process deprived him of his personal property for weeks; violated departmental rules and regulations; and denied him due process. Plaintiff states that he was not provided with a notification of program adjustment prior to being placed in administrative segregation, as required by state regulations, and that he did not receive a rules violation report until after he had spent two months in administrative segregation. Plaintiff alleges that defendant senior hearing officer Shelton violated departmental rules and regulations and denied him due process by ordering the investigative employee not to obtain any relevant evidence and by failing to correct the rules violation report. Plaintiff further alleges that defendants captain Avila, officer Ernst, associate warden Fouch, Warden Broomfield, and appeals examiner Hemenway also violated departmental rules and regulations and denied him due process because they reviewed defendant Ramirez's written report and the disposition report from the disciplinary hearing, but did not remedy the improper placement in administrative segregation and the inadequate and illegal disciplinary practices.

The complaint will be dismissed with leave to amend because Plaintiff has not stated a cognizable Section 1983 claim. The violation of state administrative regulations, without more,

does not give rise to a deprivation of a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 481–84 (1995). State regulations that merely provide procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993).

In addition, Plaintiff's allegation that his placement in administrative segregation and subsequent disciplinary proceedings violated state regulations fails to state a cognizable due process claim. Allegations by a prisoner that he was denied due process in connection with the decision to administratively segregate or discipline him present a constitutionally cognizable claim if: (1) prison officials are narrowly restricted by state statutes or regulations to impose the specific deprivation at play, and (2) the liberty in question is one of "real substance." *Sandin*, 515 U.S. at 477–87. Plaintiff's placement in administrative segregation pursuant to a rules violation report does not implicate a liberty interest of "real substance" within the meaning of *Sandin*. A liberty interest of "real substance" generally will be limited to freedom from (1) restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487. The Supreme Court has held that prisoners have no constitutional right or interest independently protected by the Due Process Clause to be free from discipline or placement in administrative segregation. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). The hardship associated with administrative segregation is not so severe as to violate the Due Process Clause. *See Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (placement in segregated housing in and of itself does not implicate a protected liberty interest); *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (mere placement in administrative segregation not enough to state due process claim after *Sandin*); *Toussaint v. McCarthy*, 801 F.2d 1080, 1091–92 (9th Cir. 1986).

However, even where the discipline imposed is neither so severe as to implicate the Due Process Clause itself and where the discipline does not implicate a state created liberty interest, the discipline nonetheless violates an inmate's right to procedural due process if Plaintiff is not afforded the constitutionally required procedural protections with respect to his disciplinary proceeding. The only procedural protections required in a prison disciplinary proceeding are

1  written notice, time to prepare for the hearing, a written statement of decision, allowance of
2  witnesses and documentary evidence when not unduly hazardous, aid to the accused where the
3  inmate is illiterate or the issues are complex, some evidence to support the decision, and
4  information forming the basis for prison disciplinary actions that has some indicia of reliability.
5  *See Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974); *Superintendent v. Hill*, 472 U.S. 445, 454
6  (1985); *Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987).  The Due Process Clause only
7  requires that prisoners be afforded those procedures mandated by *Wolff* and its progeny; it does
8  not require that a prison comply with its own, more generous procedures.  *See Walker v. Sumner*,
9  14 F.3d 1415, 1419–20 (9th Cir. 1994), *overruled on other grounds by Sandin*, 515 U.S. 472.

10  Here, Plaintiff does not identify which specific regulations were violated but, generally
11  speaking, his claims that his placement in administrative segregation did not comply with state
12  regulations and that the investigative employee did not collect relevant evidence do not state
13  cognizable due process claims unless he was denied the procedural due process protections
14  identified above.  *See, e.g., Myron v. Terhune*, 476 F.3d 716, 718-19 (9th Cir. 2007) (holding state
15  regulations governing security classification of prisoners and prison placement did not give rise to
16  protected liberty interest under *Sandin*).

17  Because the complaint fails to state a claim for violation of either the federal Constitution
18  or federal law, the Court DISMISSES the complaint with leave to amend.  *See James v. Giles*, 221
19  F.3d 1074, 1077 (2000) (*pro se* litigants should be afforded opportunity to amend complaint to
20  overcome deficiencies unless it clearly appears from complaint that deficiency cannot be
21  overcome by amendment).

**CONCLUSION**

23  For the foregoing reasons, the Court orders as follows.  The complaint is dismissed with
24  leave to amend to address the deficiency identified above.  Within **twenty-eight (28) days** of the
25  date of this order, Plaintiff shall file an amended complaint that addresses the identified
26  deficiency.  The amended complaint must include the caption and civil case number used in this
27  order, Case No. C 20-08602 HSG (PR) and the words "AMENDED COMPLAINT" on the first
28  page.  If using the court form complaint, Plaintiff must answer all the questions on the form in

4

order for the action to proceed. The amended complaint must be complete in itself without reference to any prior pleading because an amended complaint completely replaces the previous complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Because an amended complaint completely replaces the previous complaints, Plaintiff may not incorporate material from the prior complaint by reference. *Id.* at 1262. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 2/8/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge