UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JURADO,<br>        Plaintiff,<br>v.<br>A RAMIREZ, et al.,<br>        Defendants. | Case No. 20-cv-08602-HSG<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, an inmate at San Quentin State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His amended complaint (Dkt. No. 15) is now before the Court for review under 28 U.S.C. § 1915A. For the reasons set forth below, the amended complaint is DISMISSED with leave to amend.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Amended Complaint**

The amended complaint names as defendants CDCR appeal examiner S. K. Hemenway and the following SQSP correctional officials: Investigative Services Unit A. Ramirez; correctional lieutenant Ralph R. Sheldon; correctional captain Nicole Avila; correctional lieutenant D. Ernst; associate warden Fouch; and warden Broomfield. Dkt. No. 15 at 5. The amended complaint alleges that "the staff/administration here in San Quentin St. Prison" kept him from his legal property which was housed in East Block Condemned Unit, thereby preventing Plaintiff from communicating with his lawyers to assist them in preparing his appeal. The amended complaint does not make specific allegations about what was done or not done by the named defendants.

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The Ninth Circuit therefore has held that "prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015) (emphasis in original); *see id.* at 1103-04 (reversing district court and finding cognizable denial of access to courts claim based on prisoner's allegations that he was repeatedly transferred between different facilities in order to hinder his ability to litigate his pending civil lawsuits, prison

officials seized and withheld all his legal files, and as a result of such actions several of his pending suits were dismissed).

However, the amended complaint fails to state a cognizable claim for denial of access to the court against the named defendants because it does not specify how each individual defendant participated in the alleged denial of access to the courts, and because its conclusory allegations are insufficient to allege an "actual injury." Because it appears that Plaintiff may be able to correct the alleged deficiency, the Court DISMISSES the amended complaint with leave to amend. *See James v. Giles*, 221 F.3d 1074, 1077 (2000) (*pro se* litigants should be afforded opportunity to amend complaint to overcome deficiencies unless it clearly appears from complaint that deficiency cannot be overcome by amendment).

To assist Plaintiff in preparing the second amended complaint, the Court reviews some legal principles that may be relevant to Plaintiff's claims.

First, Section 1983 liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). In filing a second amended complaint, Plaintiff should identify what each named defendant did (or did not do) that denied him access to the court, and state where and the violation (or inaction) occurred. He must be careful to allege facts showing the basis for liability for each individual defendant and should not refer to them as a group (e.g. "the defendants"). There is no respondent superior liability, or supervisory liability, under Section 1983, i.e. no liability under the theory that one is liable simply because he supervises a person who has violated a plaintiff's rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). When a named defendant holds a supervisory position, the causal link between that named defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). To state a claim for relief under Section 1983 against a supervisor defendant, Plaintiff must allege some facts that would support a claim that (1) the supervisor defendant proximately caused the deprivation of rights of which plaintiff complains, *see Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981); (2) the supervisor defendant failed to properly train or supervise personnel resulting in the alleged deprivation,

3

1  *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984); (3) the
2  alleged deprivation resulted from custom or policy for which the supervisor defendant was
3  responsible, *see id.*; or (4) the supervisor defendant knew of the alleged misconduct and failed to
4  act to prevent future misconduct, *Taylor*, 880 F.2d at 1045.  Vague and conclusory allegations
5  concerning the involvement of supervisory personnel in civil rights violations are not sufficient to
6  state a claim.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  In addition, a
7  prison official's denial of an inmate's grievance generally does not constitute significant
8  participation in an alleged constitutional violation sufficient to give rise to personal liability under
9  Section 1983.  *See, e.g., Wilson v. Woodford*, No. 1:05–cv–00560–OWW–SMS, 2009 WL
10 839921, at *6 (E.D. Cal. Mar. 30, 2009) (ruling against prisoner on administrative complaint does
11 not cause or contribute to constitutional violation).  A prisoner has no constitutional right to an
12 effective grievance or appeal procedure.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.
13 2003) (holding that prisoner has no constitutional right to effective grievance or appeal
14 procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of
15 entitlement to a grievance procedure.").

16      Second, to establish a claim for violation of the right of access to the courts, the prisoner
17 must prove that there was an inadequacy in the prison's legal access program that caused him an
18 actual injury.  *See Lewis*, 518 U.S. at 349-51.  To prove an actual injury, the prisoner must show
19 that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim
20 concerning his conviction or conditions of confinement.  *See id.* at 351, 354-55.  Examples of
21 impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy
22 some technical requirement which, because of deficiencies in the prison's legal assistance
23 facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm"
24 that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the
25 library that he was unable even to file a complaint.  *Id.*  Mere delay in filing papers would not be
26 enough, for example, if the papers were nevertheless timely filed or accepted and considered by
27 the court.  *See Hudson v. Robinson*, 678 F.2d 462, 466 (3d Cir. 1982).  Actual injury is a
28 jurisdictional requirement that flows from the standing doctrine and may not be waived.  *Nev.*

*Dep't of Corrections v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis*, 518 U.S. at 349). It is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348. Plaintiff states that he was prevented from assisting counsel with preparing his appeal. However, the amended complaint does not specify how long Plaintiff was without his legal property and how this denial of access caused "actual injury" to his appeal. In preparing his second amended complaint, Plaintiff should specify how long he was denied his legal property and how this denial affected his ability to pursue his appeal, such as missed deadlines.

## CONCLUSION

For the foregoing reasons, the Court orders as follows. The amended complaint is dismissed with leave to amend to address the deficiencies identified above. Within **twenty-eight (28) days** of the date of this order, Plaintiff shall file a second amended complaint that addresses the identified deficiencies. The second amended complaint must include the caption and civil case number used in this order, Case No. C 20-08602 HSG (PR) and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaints by reference. Failure to file a second amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 3/31/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge