UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT JURADO,

    Plaintiff,

v.

A RAMIREZ, et al.,

    Defendants.

Case No. 20-cv-08602-HSG

**ORDER GRANTING IN PART AND DENYING IN PART SECOND EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT; DENYING REQUEST FOR COUNSEL AND FOR LEGAL ADVICE**

Re: Dkt. No. 19

Plaintiff, an inmate at San Quentin State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff has filed a letter requesting a second extension of time to file his second amended complaint, requesting appointment of counsel, and requesting legal advice. Dkt. No. 19. The Court addresses the requests below.

**DISCUSSION**

**I.     Request for Second Extension of Time to File Second Amended Complaint**

Plaintiff's request for a second extension of time to file his second amended complaint is GRANTED IN PART AND DENIED IN PART. Dkt. No. 19. Plaintiff has requested a 60-day to 90-day extension of time to file his second amended complaint. Because Plaintiff has already received a two-month extension of time to June 21, 2021 to file his second amended complaint, Dkt. No. 18, the Court will grant Plaintiff an additional extension of time to July 30, 2021. By **July 30, 2021**, Plaintiff shall file a second amended complaint that addresses the deficiencies identified in the Court's March 31, 2021 order of dismissal with leave to amend. Failure to file a second amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.

//

## II. Request for Appointment of Counsel

Plaintiff has requested that the Court appoint him counsel stating that he is unable to afford a lawyer, that he has no training or education in the law, that he does not want to make mistakes in this important case, and that he has no chance of winning this case if he proceeds without counsel. Dkt. No. 19.

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id.* (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman*, 390 F.3d at 1103. Both factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* The fact that the *pro se* litigant would be better served with the assistance of counsel does not necessarily qualify the issues involved as complex. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (that plaintiff may well have fared better with assistance of counsel not enough).

Because there is no operative complaint at this time, the Court cannot gauge the likelihood of Plaintiff's success on the merits, or accurately assess Plaintiff's ability to articulate his claims *pro se*. Plaintiff has not demonstrated that exceptional circumstances exist that require appointment of counsel at this time. Accordingly, the Court DENIES Plaintiff's request for appointment of counsel for lack of exceptional circumstances without prejudice to the Court's *sua sponte* appointment of counsel should circumstances so require.

## III. Request for Legal Advice

Plaintiff has asked the Court to advise him whether he should attach printouts of his court pleadings to his second amended complaint. Dkt. No. 19 at 2-3. The Court DENIES Plaintiff's request for legal advice. The Court cannot provide litigants with legal advice or advise litigants how to conduct their litigation. The Court requests that correctional officials assist Plaintiff in

accessing the prison law library so that Plaintiff may consult the resources there.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. Plaintiff's request for a second extension of time to file his second amended complaint is GRANTED IN PART AND DENIED IN PART. Dkt. No. 19. By **July 30, 2021**, Plaintiff shall file a second amended complaint that addresses the deficiencies identified in the Court's March 31, 2021 order of dismissal with leave to amend. Failure to file a second amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.

2. Plaintiff's request for appointment of counsel is DENIED for lack of exceptional circumstances without prejudice to the Court's *sua sponte* appointment of counsel should circumstances so require.

3. Plaintiff's request for legal advice is DENIED.

4. The Court requests that San Quentin State Prison correctional officials assist Plaintiff in accessing the law library. The Clerk is instructed to send a courtesy copy of this order to the litigation coordinator at San Quentin State Prison.

This order terminates Dkt. No. 19.

**IT IS SO ORDERED.**

Dated: 6/10/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge