UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JURADO,<br>    Plaintiff,<br>v.<br>A RAMIREZ, et al.,<br>    Defendants. | Case No. 20-cv-08602-HSG<br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate at San Quentin State Prison ("SQSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His second amended complaint (Dkt. No. 21) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

1  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,
2  the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).
3  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
4  cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*
5  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a
6  right secured by the Constitution or laws of the United States was violated, and (2) that the alleged
7  violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487
8  U.S. 42, 48 (1988).

### B. Procedural History

The initial complaint alleged that SQSP officers Ramirez, Shelton, Avila, Ernst, Fouch, and Broomfield, and California Department of Corrections and Rehabilitation ("CDCR") appeals examiner S. K. Hemenway, violated departmental rules and regulations and the Due Process Clause with respect to how they handled a disciplinary violation issued to Plaintiff regarding contraband discovered on November 8, 2017.  Plaintiff alleged that he was not provided with a notification of program adjustment prior to being placed in administrative segregation; he did not receive a rules violation report until after he had spent two months in administrative segregation; defendant Shelton ordered the investigative employee to not obtain any relevant evidence; defendant Shelton failed to correct the rules violation report ("RVR"); and defendants Avila, Ernst, Fouch, Broomfield, and Hemenway did not remedy the improper placement in administrative segregation or the inadequate and illegal disciplinary practices.  The Court dismissed the initial complaint with leave to amend for failure to state a cognizable legal claim because the violation of state regulations, without more, does not constitute a violation of due process, and because the Supreme Court has held that prisoners have no due process right to be free from discipline or administrative segregation.  *See generally* Dkt. Nos. 1, 12.

The amended complaint named the same defendants as listed in the initial complaint, and made the general allegation that SQSP staff and administration were keeping Plaintiff's legal property from him, thereby preventing Plaintiff from communicating with his lawyers to assist in preparing his appeal.  The Court dismissed the amended complaint with leave to amend because it

failed to specify how each individual defendant contributed to the alleged denial of access to the courts. *See generally* Dkt. Nos. 15, 15.

**C.      Second Amended Complaint**

The second amended complaint names as defendants CDCR appeal examiner S. K. Hemenway and the following SQSP correctional officials: Investigative Services Unit A. Ramirez; correctional lieutenant Ralph R. Sheldon;[1] correctional captain Nicole Avila; correctional lieutenant D. Ernst; associate warden Fouch; and warden Davis. Dkt. No. 15 at 5. Warden Broomfield is no longer named as a defendant.

The second amended complaint makes the following allegations.

On November 8, 2017, prison officials discovered certain information that led to the issuance of a rules violation report ("RVR") to Plaintiff. However, defendant Ramirez did not issue the RVR to Plaintiff until two months later, outside of the fifteen-day period required under state regulations. Defendants Associate Warden Fouch and Warden Davis were aware of the November 8, 2017 incident, but also made no effort to timely issue the RVR. Defendant Lt. Sheldon denied Plaintiff required procedural protections with respect to his disciplinary proceeding when he denied Plaintiff an independent investigator as guaranteed by state regulations and when he rejected all questions regarding prison records (phone, mail, visitors). As a result, Plaintiff was unable to defend himself from the RVR. Plaintiff made defendant examiner Hemenway aware of the due process violations in the RVR process, but she took no action to correct or dismiss the guilty finding, as is required by department regulations. Plaintiff alleges that these actions violated his rights under the Due Process Clause.

Plaintiff was also denied his legal property, including his lawyers' address, effectively denying him access to his lawyers and rendering him unable to prepare for a May 22, 2018 oral argument in his death penalty appeal. As a result, neither his conviction nor his death sentence was overturned. During the second level hearing on his grievance, Plaintiff pleaded with

---

[1] Plaintiff names Ralph R. Sampson as a defendant but the Court presumes that this is a typographical error since prior complaints name Ralph Sheldon as a defendant and the body of the second amended complaint only references a defendant Sheldon, with no reference made to a defendant Sampson.

defendant Lieutenant Ernst to look for his legal property and return it to him, but defendant Ernst refused. During Plaintiff's ICC hearing, Plaintiff raised his missing legal property with defendant Captain Avila, but she refused to address the issue stating that the hearing was to address classification/status issues and not property. The legal property was illegally disposed of in March 2020.

**D.     Legal Claims**

Plaintiff's contention that defendants Ramirez, Fouch, Davis, Sheldon, and Hemenway failed to follow state regulations, or ensure that state regulations were followed, with respect to the RVR and the related disciplinary process fails to state a cognizable due process claim. As explained in the Court's February 8, 2021 Order dismissing the initial complaint with leave to amend, generally speaking, a violation of state administrative regulations, without more, does not give rise to a deprivation of a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 481–84 (1995). The only procedural protections required in a prison disciplinary proceeding are written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, aid to the accused where the inmate is illiterate or the issues are complex, some evidence to support the decision, and that the information forming the basis for prison disciplinary actions has some indicia of reliability. *See Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974); *Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987). The Due Process Clause only requires that prisoners be afforded those procedures mandated by *Wolff* and its progeny; it does not require that a prison comply with its own, more generous procedures. *See Walker v. Sumner*, 14 F.3d 1415, 1419–20 (9th Cir. 1994), *overruled on other grounds by Sandin*, 515 U.S. 472. The allegations that the RVR was not issued within the time limits set forth in the applicable state regulations, that Plaintiff was denied the independent investigator required by state regulations,[2] and that Plaintiff's questions regarding prison records went unanswered therefore fail to state

---

[2] The allegation that Plaintiff was denied an investigative employee contradicts the allegations in the initial complaint that, per Plaintiff's request, he was assigned an investigative employee, but that defendant Shelton directed the investigative employee to not obtain any relevant evidence. Dkt. No. 1 at 6.

4

cognizable due process claims. Plaintiff's claims regarding the RVR arising out of the November 8, 2017 event are DISMISSED with prejudice because Plaintiff has previously been afforded an opportunity to correct the deficiencies in these claims and has been unable to do so. *See Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so and had discussed with plaintiff substantive problems with his claims), *amended by* 234 F.3d 428, *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007).

Plaintiff has also failed to state a cognizable First Amendment claim against defendants Ernst and Avila because he has not alleged that he suffered an actual injury. Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The Ninth Circuit therefore has held that "prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015) (emphasis in original); *see id.* at 1103-04 (reversing district court and finding cognizable denial of access to courts claim based on prisoner's allegations that he was repeatedly transferred between different facilities in order to hinder his ability to litigate his pending civil lawsuits, prison officials seized and withheld all his legal files, and as a result of such actions several of his pending suits were dismissed). A prisoner must demonstrate that he suffered an actual injury. *See Lewis*, 518 U.S. at 351. Actual injury is a jurisdictional requirement that flows from the standing doctrine and may not be waived. *Nev. Dep't of Corrections v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis*, 518 U.S. at 349). Actual injury is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm"

5

1  that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the
2  library that he was unable even to file a complaint. *Id.*; *see, e.g., Hebbe v. Pliler*, 627 F.3d 338,
3  343 (9th Cir. 2010) (plaintiff demonstrated that denying him law library access while on lockdown
4  resulted in "actual injury" because he was prevented from appealing his conviction).
5  Plaintiff claims that he suffered actual injury from the confiscation of his legal property because it
6  rendered him unable to communicate with his attorneys to assist them in preparing for the May 22,
7  2018 oral arguments in his case, and that this lack of communication resulted in a failure to
8  overturn his conviction and sentence. Plaintiff has attached as exhibits to the second amended
9  complaint portions of the docket sheet for his federal habeas petition challenging his conviction,
10 and a July 13, 2021 letter from his counsel that appears to be responding to Plaintiff's questions
11 regarding the May 22, 2018 hearing. According to the docket, briefing for the oral argument was
12 completed in March 2017; Plaintiff's presence was not required for the oral argument; Plaintiff did
13 not attend the oral argument; and Plaintiff was afforded the opportunity to submit supplemental
14 briefing after the oral argument. Dkt. No. 21 at 6-7. Given that briefing concluded a year prior to
15 the oral argument, and that Plaintiff had the opportunity to file supplemental briefing after oral
16 argument, it is unclear how Plaintiff's inability to communicate with counsel immediately prior to
17 the oral argument resulted in actual injury, i.e. inability to present a claim. Nor has Plaintiff
18 identified what arguments counsel should have presented, but did not. The July 2021 letter from
19 counsel does not make any statements indicating that Plaintiff's alleged lack of access to legal
20 documents prevented counsel from effectively and accurately representing Plaintiff at the May 22,
21 2018 oral argument, or that counsel was unable to reach Plaintiff to prepare for the oral argument.
22 Because Plaintiff has not alleged actual injury, he has failed to state a cognizable First Amendment
23 access to the courts claim. The First Amendment access to the courts claim is DISMISSED with
24 prejudice because Plaintiff has previously been afforded an opportunity to correct the deficiencies
25 in this claim and has been unable to do so. *See Simon*, 208 F.3d at 1084.
26 //
27 //
28 //

**CONCLUSION**

For the reasons set forth above, this action is DISMISSED with prejudice. The Clerk shall enter judgment in favor of Defendants and against Plaintiff, deny all pending motions as moot, and close the case.

**IT IS SO ORDERED.**

Dated: 8/24/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge